**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

United States of America,

Plaintiff,

v.

Bhavesh Patel,

Defendant.

No. CR-24-50143-001-PHX-DJH

**ORDER**

Defendant Bhavesh Patel ("Patel") filed a *pro se* Motion for Expeditious Disposition of Any and All Existing Detainers Pursuant to Interstate Agreement on Detainers. (Doc. 20). The Government filed a Response. (Doc. 21). The Court denies Patel's Motion for the reasons stated below.

This Court assumed jurisdiction over Patel's supervised release term, imposed in the Southern District of Texas as part of his Conspiracy to Commit Money Laundering conviction. (Doc. 1). After he violated the terms of his original supervised release, this Court revoked Patel's supervised release term and committed him to the Bureau of Prisons for three months, and reinstated him to a new thirty-three-month supervised release term. (Doc. 14). Apparently, after serving his three-month term, Patel was arrested on August 27, 2025 on state felony charges and was convicted of Theft of a Credit Card and sentenced to 1.5 years in the Arizona Department of Corrections, where he currently resides. (Docs. 20; 21). Patel believes he will be released from state custody in May 2027. (Doc. 20).

The Court construes Patel's Motion as invoking the Interstate Agreement on

Detainers to have his pending federal detainer executed to permit any potential sentence her to run concurrently with his state sentence. The Government correctly notes that the Interstate Agreement on Detainers [IAD] "applies when there are detainers lodged on *untried* criminal charges." (Doc. 21 at 3). Indeed, the IAD states that it applies where " [t]he party states find that charges outstanding against a prisoner, detainers based on **untried indictments, informations or complaints**, and difficulties in securing speedy trial of persons already incarcerated in other jurisdictions, produce uncertainties which obstruct programs of prisoner treatment and rehabilitation." A.R.S. § 31-481; Art. I. Emphasis added. Patel's federal detainer is related to a violation of his previous imposed sentence, which included a supervised release term. There is no indictment, information or complaint pending on Patel. Thus, the IAD does not apply to him.

Moreover, this Court may not assume jurisdiction over Patel's case until his state sentence is satisfied. *See Taylor v. Reno*, 164 F.3d 440, 445 (9th Cir. 1998) (the sovereign that first arrested an offender has primary jurisdiction over him unless that sovereign relinquishes it to another). Finally, 18 U.S.C. § 3624(e) states that "[a]term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime[.]" Accordingly, Patel's Motion fails.

**IT IS ORDERED** denying Defendant's Motion (Doc. 20).

Dated this 23rd day of November, 2026.

Honorable Diane J. Humetewa
United States District Judge